**IN THE UNITED STATES DISTRICT COURT  
FOR THE EASTERN DISTRICT OF ARKANSAS  
WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                           **PLAINTIFF**

**v.**                   **CASE NO. 4:06CR00041 BSM**

**ANTOINE DEMETRIS BAKER**                                        **DEFENDANT**

## ORDER

The motion of Antoine Demetris Baker to vacate, set aside, or correct the sentence imposed on October 19, 2009, pursuant to 28 U.S.C. § 2255 [Doc. No. 405], is denied. No hearing is required because the motion and entire record conclusively show that Baker is not entitled to relief.

Baker's trial began on October 13, 2009, and concluded on October 15, 2009, when Baker pleaded guilty to all thirteen counts of the July 11, 2007, third superseding indictment, which provided that the penalty for conviction on four of the counts was mandatory life imprisonment or death. Baker entered the guilty plea immediately after the Attorney General decertified his case as a death penalty case. Baker was sentenced to life imprisonment on October 19, 2009, and now moves to vacate the sentence and requests an evidentiary hearing.

Baker makes two arguments in support of his motion. First, he states that his sentence should be vacated because he did not plead guilty to all of the essential elements necessary to qualify him for a life sentence. See *United States v. Alleyne*, 133 S.Ct. 2151 (2013) (holding that any fact that increases an applicable mandatory minimum sentence is an element of a distinct crime and must be submitted to a jury to be determined beyond a

reasonable doubt). The record is clear, however, that Baker pleaded guilty to all of the essential elements necessary to impose a life sentence.

Second, Baker argues that his legal counsel was ineffective because he was allowed to plead guilty while under the influence of psychotropic drugs. There is absolutely no merit to this argument. The primary problem with Baker's argument is that the undersigned presided over the case and observed the herculean efforts his lawyers made in attempting to save his life. This case was death penalty certified and Baker's lawyers moved mountains in their attempts to have it decertified so that he could enter a guilty plea. Although it is true that Baker was taking medication for mental illness at the time he pleaded guilty, the psychiatric evaluations performed on Baker showed that he was competent to stand trial. Indeed, Baker showed up in court on October 13, 2009, ready for trial.

Further, Baker's request is untimely because a motion to vacate must be filed within one year of either the date on which the judgment of conviction becomes final or the date on which the facts supporting the claim could have been discovered by the exercise of due diligence, whichever is later. *See* 28 U.S.C. 2255(f). Here, judgment was entered on October 15, 2009, no appeal was taken, and the motion to vacate was not filed until August 13, 2013, more than three years later.

For these reasons, there is no basis to set aside or vacate Baker's sentence, and the motion to vacate [Doc. No. 405] is denied.

IT IS SO ORDERED this 8th day of October 2013.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE

2